# EXHIBIT "A"

DALLAS COUP
4/17/2017 12:00:00
FELICIA PI1
DISTRICT CLE

Angie Avina

CAUSE NO. DC-17-04445 _____

| | | |
|---|---|---|
| CINDY MARCH, CINDY HANSARD, | § | IN THE DISTRICT COURT OF |
| LORI ANN CORICA, | § | |
| PETE JAMES, LORI ANN RAY, | § | |
| CONSTANCE SPELL, | § | |
| CHRISANNA HIBBITTS, | § | |
| KELLIE FIENE, AND | | |
| JEANINE WILLIAMS, | § | |
| | § | |
| Individually and on behalf of all others | § | |
| similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| BVDS, INC. D/B/A SLIM4LIFE | § | |
| WEIGHT LOSS A/K/A 4 LIFE, INC., | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION PETITION

### I.

### INTRODUCTION

Plaintiffs Cindy March, Cindy Hansard, Lori Ann Corica, Pete James, Lori Ann Ray,

Constance Spell, Chrisanna Hibbitts, Kellie Fiene, and Jeanine Williams ("Plaintiffs"),

individually and on behalf of all others similarly situated, file this Original Collective Action

Petition against Defendant BVDS, Inc. D/B/A Slim4Life Weight Loss A/K/A 4 Life, Inc.

("Defendant"), and respectfully allege as follows.

### II.

### DISCOVERY CONTROL PLAN

1.      Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil

Procedure 190.2.

---

## III.

## PARTIES

2.     Plaintiff Cindy March is an individual and a citizen of Denton County, Texas.

3.     Plaintiff Cindy Hansard is an individual and a citizen of Tarrant County, Texas.

4.     Plaintiff Lori Ann Corica is an individual and a citizen of Denton County, Texas.

5.     Plaintiff Pete James is an individual and a citizen of Washington state.

6.     Plaintiff Lori Ann Ray is an individual and a citizen of North Carolina.

7.     Plaintiff Chrisanna Hibbitts is an individual and a citizen of Dallas County, Texas.

8.     Plaintiff Kellie Fiene is an individual and a citizen of Denton County, Texas.

9.     Defendant BVDS Inc. d/b/a Slim4Life Weight Loss a/k/a 4 Life, Inc. ("Defendant") is a corporation organized under the laws of the state of Texas with its principal place of business located at 800 Freeport Parkway, Irving, Texas 75063.  Defendant may be served with process, including citation and a copy of this lawsuit, by serving its registered agent for service of process, Vahna J. Benedict, at 800 Freeport Parkway, Suite 220, Irving, Texas 75063 or wherever she may be found.

## IV.

## JURISDICTION

10.     The Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, is within the jurisdictional limits of the Court.

11.     Plaintiffs seek monetary relief over $1,000,000.00.

## V.

## <u>VENUE</u>

12.     Venue is proper in Dallas County because (a) Defendants principal places of business is in Dallas County.[1]

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2).

## VI.

## COVERAGE ALLEGATIONS

13.     Defendant transacts substantial business in this judicial district.

14.     At all material times, Defendant has acted together as one employer within the meaning of 29 U.S.C. § 203(d).

15.     At all material times, Defendant has acted as an enterprise within the meaning of 29 U.S.C. § 203(r).

16.     At all material times, Defendant has acted as an enterprise engaging in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

17.     At all materials times, Plaintiffs were individual employees of Defendant who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VII.

## BACKGROUND FACTS

18.     Defendant, in conjunction with related entities that have yet to be specifically identified, operates "centers" nationwide in which it sells weight loss products and services.

19.     Plaintiffs worked at Defendant's various centers in the Dallas/Fort Worth Metroplex.

20.     Plaintiffs were each assigned the title of Center Manager or Assistant Center Manager and were stationed at one center at a time.

21.     Plaintiffs were scheduled to work more than forty (40) hours per workweek, including at least two Saturdays a month.

22.     In addition, Plaintiffs also worked after the center closed and their shift ended to finish inventory and other tasks, which Defendant required be completed the same day.

23.     Defendant knew or should have known that Plaintiffs worked beyond their schedule because Plaintiffs would have to contact Defendant's corporate office in order to submit inventory and provide other updates and information as required.

24.     Nevertheless, Plaintiffs were paid a daily rate below minimum wage, roughly $37.00 per day, and then a percentage of individual sales and a percentage of store sales.

25.     If sales were slow or non-existent, Defendant only paid Plaintiffs their daily rate; this happened regularly around holidays.

26.     Many Plaintiffs and other employees have reported Defendant deducting from their commissions if there were inventory errors or other mistakes.

27.     What is more, when some Plaintiffs and other employees put in "two-weeks' notice" of their resignation, Defendant immediately withheld commission payments, including those they already earned, and paid them $7.25 per hour without any payment for overtime.

28.     What is more, Defendant refused to pay Plaintiffs or any non-hourly employees 1.5 times their effective hourly rate for all hours they worked over 40 in a workweek.

29.     Upon information and belief, Defendant knowingly misclassified non-hourly employees as non-exempt "directors" specifically to avoid paying them overtime even though employees had complained about this practice in the past.

## VIII.

## COLLECTIVE ALLEGATIONS

30.     Like Plaintiffs, other employees of Defendant have been victimized by Defendant's unlawful practice of improperly misclassifying employees as exempt and paying them improperly.

31.     Some of these employees have reported to Plaintiffs that they also were underpaid in this manner.

32.     Plaintiffs are aware that Defendant's illegal policy and practice has been uniformly imposed on the Class Members.

33.     The Class Members perform the same or similar job duties, including that they all perform non-exempt work.

34.     These employees are similarly situated to Plaintiffs in terms of job duties and pay provisions.

35.     Defendant's failure to pay minimum wage and overtime compensation at the rates required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

36.     Thus, Plaintiffs' experiences are typical of the experiences of the Class Members.

37.     The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment.

38.     All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation (one and one half their regular rate of pay) for all time worked in excess of forty hours per workweek.

39.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

40.     The questions of law and fact are common to Plaintiffs and the Class Members.

41.     Accordingly, the class of similarly situated plaintiffs is properly defined as:

**All Current and Former Non-Hourly Employees of Defendant Nationwide.**

42.     As a collective action, Plaintiffs seek this Court's appointment and/or designation as representative of a group of similarly situated individuals as defined.

## IX.

## CAUSES OF ACTION

**A.      First Cause of Action—Failure to Pay Wages in Accordance with the FLSA—Plaintiffs and the Plaintiff Class**

43.     Plaintiffs and the Plaintiff class incorporate each of the foregoing paragraphs.

44.     Defendant engaged in a practice of not paying Plaintiffs and the Plaintiff Class one and one half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.

45.     Defendant also failed to pay Plaintiffs and the Plaintiff class a minimum wage on multiple occasions.

46.     Defendant's actions violate 29 U.S.C. §§ 206, 207, and 215(a)(2).

## X.

## DAMAGES

47.     Plaintiffs incorporate each of the foregoing paragraphs.

48.     Defendant's actions violated 29 U.S.C. § 207(a).

49.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to recover all unpaid minimum wages and unpaid overtime compensation.

50.     Plaintiffs also seek as liquidated damages an amount equal to that recovered for unpaid minimum wages and unpaid overtime compensation.

51.     Plaintiffs seek all damages available to them under federal law.

## XI.

## ATTORNEYS' FEES AND COSTS

52.     Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

53.     Plaintiffs retained the services of undersigned counsel to prosecute their claims.

54.     Plaintiffs and the Plaintiff Class are entitled to recover a reasonable attorneys' fee from Defendant, including costs.

## XII.

## JURY DEMAND

55.     Plaintiffs and the Plaintiff Class demand a trial by jury.

## XIII.

## CONCLUSION AND PRAYER

56.     Plaintiffs and the Plaintiff Class respectfully request that Defendant be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendant, awarding Plaintiffs and the Plaintiff Class:

A.     All unpaid minimum wages and unpaid overtime compensation;

B.     Liquidated damages equal to the amount in subsection (A) above;

C.     Reasonable attorneys' fees and expert fees;

D.     Court costs;

E.     Pre-judgment and post-judgment interest at the rate set by law; and

F.     All legal or equitable relief this Court deems proper.

Respectfully submitted,


/s/ Javier Perez
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@scottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75206
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:   BVDS INC D/B/A SLIM4LIFE WEIGHT LOSS A/K/A 4 LIFE INC
      REGISTERED AGENT VAHNA J BENEDICT
      800 FREEPORT PARKWAY SUITE 220
      IRVING TX 75063

*delivered*
*05(rl(17*
*42sp*

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **101st District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **CINDY MARCH, CINDY HANSARD, LORI ANN CORICA, PETE JAMES,
LORI ANN RAY, CONSTANCE SPELL, CHRISANNA HIBBITTS, KELLIE FIENE, AND
JEANINE WILLIAMS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED**

Filed in said Court **17th day of April, 2017** against

**BVDS INC D/B/A SLIM4LIFE WEIGHT LOSS A/K/A 4 LIFE INC**

For Suit, said suit being numbered **DC-17-04445,** the nature of which demand is as follows:
Suit on **EMPLOYMENT** etc. as shown on said petition, a copy of which accompanies this citation. If
this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 18th day of April, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____/s/ Gay Lane_____, Deputy
          GAY LANE

*CTH 04/26/17 3300*

---

**ESERVE**

**CITATION**

**DC-17-04445**

**CINDY MARCH et al**
vs.
**BVDS INC**

ISSUED THIS
**18th day of April, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff**
JAVIER PEREZ
SCOTT PEREZ LLP
900 JACKSON STREET
SUITE 550
DALLAS TX 75206
214-965-9675

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-04445

Court No.101st District Court

Style: CINDY MARCH et al

vs.

BVDS INC

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|                      |              |                                         |
|----------------------|--------------|-----------------------------------------|
| For serving Citation | $_____   | _____ |
| For mileage          | $_____   | of_____County, _____ |
| For Notary           | $_____   | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____